# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br> vs. <br><br> JOHN DOES 1-51, <br><br> Defendants. | CASE NO. 11cv2143-BEN (MDD) <br><br> **ORDER GRANTING MOTION FOR EARLY DISCOVERY** <br><br> [DOC. NO. 3] |

Before the Court is Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference. (Doc. No. 3) Having reviewed the motion and supporting documents, and having considered the requirements of the Cable Act, 47 U.S.C. § 551, Plaintiff's Motion for Early Discovery is **GRANTED**.

## Background

On September 15, 2011, Plaintiff filed a complaint alleging direct and contributory copyright infringement against John Doe defendants. (Doc. No. 1). The complaint alleges that the John Doe defendants participated in a peer-to-peer Internet network using Bit Torrent technology in order illegally to download and share a copywrited work. As provided in the instant Motion, Plaintiff has obtained the Internet Protocol ("IP") addresses of the John Doe defendants allegedly involved in the infringing activity and, using publicly available search tools, has traced the IP addresses to physical addresses within this District and has identified the Internet Service Providers ("ISPs") which leased the involved IP addresses to subscribers. *Id.*

On September 20, 2011, Plaintiff filed the instant Motion seeking permission to take early discovery from the identified ISPs for the limited purpose of identifying the subscribers of the identified IP addresses on the date and time in question. (Doc. No. 3).

### Legal Standard

Federal Rule of Civil Procedure 26(d) states:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In the instant case, Plaintiff may only use expedited discovery by court order. In this Circuit, the courts must find "good cause" to determine whether to permit discovery prior to the Rule 26(f) conference. Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *See, e.g.*, *Arista Records, LLC v. Does 1-43,* 2007 WL 4538697 *1 (S.D. Cal. 2007).

In infringement cases involving the Internet, good cause is often found by the courts where the party seeking expedited discovery of a Doe defendant's identity establishes the following:

1. A prima facie case of infringement;
2. That there is no other way to identify the Doe defendant; and,
3. That there is a risk that the ISP will destroy its logs prior to the Rule 26(f) conference.

*See UMG Recordings, Inc. v. Doe,* 2008 WL 4104214 *4 (N.D. Cal. 2008). In *UMG* the court said:

> "[I]n considering 'the administration of justice,' early discovery avoids ongoing continuous harm to the infringed party and there is no other way to advance the litigation. As for the defendant, there is no prejudice where the discovery request is narrowly tailored to only seek their identity." (citations omitted).

This Court has reviewed the allegations of the complaint and finds that the Plaintiff has alleged a prima facie case of direct and contributory copyright infringement against the Doe defendants.

Plaintiff also has alleged that there is no way to identify these defendants without early discovery from the ISPs, and that early discovery is necessary because the ISPs are not required to maintain their logs for any set period of time and may destroy them in the ordinary course of business.

Finally, this Court must consider the requirements of the The Cable Privacy Act, 47 U.S.C. §551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISPs that Plaintiff intends to subpoena in this case are cable operators within the meaning of the Act.

**IT IS HEREBY ORDERED** that:

1. Plaintiff may obtain and serve subpoenas under Fed.R.Civ.P. 45 to Cox Communications, Roadrunner and SBC Internet Services in order solely to obtain the names and addresses of subscribers using the IP addresses identified at pages 1-2 of Exhibit A of Plaintiff's Complaint at the precise dates and times identified therein. Cox Communications, Roadrunner and SBC Internet Services shall have ten (10) calendar days after service of the subpoena upon it to notify the subscriber that his/her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have twenty-one (21) calendar days from the date of such notice to challenge the disclosure to the Plaintiff by filing an appropriate pleading with this court contesting the subpoena. If no challenge is filed within this period, the affected ISP promptly shall produce the identity of the subscriber of the appropriate IP address.

2. Plaintiff may only use information disclosed pursuant to these subpoenas to protect its rights in pursuing this litigation.

3. If Cox Communications, Roadrunner or SBC Internet Services should choose to move to quash the subpoena issued to them, the motion must be filed prior to the return date of the subpoena. If such a motion is brought, the movant must preserve the information sought by Plaintiff in the subpoena pending resolution of the motion.

4. Plaintiff shall provide a copy of this Order with any subpoena obtained and served pursuant to this Order to Cox Communications, Roadrunner or SBC Internet Services.

DATED: October 12, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge