John Karl Buche (SBN 239477)
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037
(858) 459-9111
(858) 459-9120 Fax
jbuche@buchelaw.com
Attorneys for Moving Defendant

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK COLLINS, INC.** a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> **AJ BERNAL A.K.A. ABSALON JERRY BERNAL, JACINTO TRANN AND JOHN DOES 34-51,** <br> Defendants. | Case No. 3:11-cv-02143-BEN-MDD <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR ALTERNATE MOTION FOR A MORE DEFINITE STATEMENT; AND MOTION TO STRIKE AND FOR PROTECTION** <br><br> **Amended Complaint Filed: February 9, 2012** <br><br> **Hearing Date: May 14, 2012 at 10:30a.m.** |

Defendant., A.J. Bernal a/k/a Absalon Jerry Bernal, an individual (hereinafter the "Moving Defendant") hereby submits the following Memorandum in Support of its concurrently filed Motion to Dismiss/Motion to Strike the Complaint filed against it by Patrick Collins, Inc. (hereinafter "Gangbangers"), a California corporation. Moving Defendant brings this motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for failure to state a claim upon which relief can be granted, or in the alterative, for a more definite statement of the Complaint, pursuant to Federal Rules of Civil Procedure, Rule 12(e).  Also, a motion to strike and for protection is made pursuant to Rule 12(f) to strike scandalous statements and/or redact Moving Defendant's name from the record under

Rule 26(c).

## I.   INTRODUCTION & FACTS

Gangbangers filed its complaint on September 15, 2011 (Court Doc.#1) complaining that assorted defendants, who were not named, had allegedly violated a copyright for a pornographic movie entitled "Gangbangers" which apparently relates to group sex, degradation/objectification of women, and which celebrates gang activity. An amended complaint was filed on February 9, 2012 (Court Doc.#11) which incorrectly named the Moving Defendant as a person who allegedly downloaded the pornographic movie in question.  It is unclear at this juncture how Gangbangers concluded that Moving Defendant was a proper party, or how they may have employed third-parties to unlawfully invade electronic records with no prior notice to Moving Defendant.  What is clear, however, is that the Complaint at issue is devoid of properly plead facts, or even facts that would demonstrate to the Moving Defendant the nature of the claims or the rights alleged against him.  Also clear, by the pre-suit harassment of the Moving Defendant, is that Gangbanger's primary motive is to extract settlements from potential defendants, irrespective of actual culpability for the alleged acts based on threats of embarrassment and making a public record of the allegations.

## II.   ARGUMENTS & AUTHORITIES

Moving Defendant makes the following arguments:

**A. To Survive a Motion to Dismiss In the United States and in The 9th Circuit Gangbangers are Required Plead Legally Cognizable Claims, Supported by Proper Factual Allegations**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly

Case 3:11-cv-02143-BEN-MDD   Document 29-1   Filed 03/05/12   Page 3 of 9

give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)(*"Twombly"*)("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendantunlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, (2009). "...a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)(citations [31] omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Moss v. U.S. Secret Service,* 572 F.3d. 962, 969 (9th Cir. 2009)("…the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.")

### B. The Court Should Dismiss and/or Require a More Definite Statement of the Complaint Because under *Twombly* and *Iqbal* the Gangbanger Plaintiff has Failed to State a Legally Cognizable Claim for Copyright Infringement Under the Law, Failed to Allege a Valid Copyright, or Copying of Any Identifiable Constituent Elements of the Work that Are Original

To establish copyright infringement, several elements must be proven and alleged: (1) owner-

3
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR ALTERNATE
MOTION FOR A MORE DEFINITE STATEMENT; AND MOTION TO STRIKE
Case No. 3:11-cv-02143-BEN-MDD

ship of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publication, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 361 (1991); *Funky Films, Inc. v. Time Warner Entm't Co.,* 462 F.3d 1072, 1076 (9th Cir.2006); *Range Road Music, Inc. v. East Coast Foods, Inc.*, 2012 WL 502510 (9th Cir. 2012).

### 1. The Motion to Dismiss is Supported Because Plaintiff Failed to Plead Legally Cognizable Claims under the Copyright Act

Firstly, Gangbangers do not even bother to allege a formulaic recitation of the basic elements of a claim of Copyright infringement. The Complaint does not even claim ownership of a *valid* copyright or that a valid copyright registration exists, which is a basic element that has to be alleged to make a proper complaint. *See Feist* at 361. The allegation is missing and the law says a complaint for copyright infringement must recite this basic element. There is nothing in the law that says a *valid* copyright can be implied. The validity of the copyright is being challenged, so it should at least be plead properly by Gangbangers. On a related note, it does not appear that the Complaint even references a copyright registration, but instead merely references a copyright application for the "Work."

Complaint does not properly allege (1) that the "Work" (the movie "Gangbangers") is itself an original work of authorship, or (2) that there has been *copying of constituent elements of the work that are original*. On the contrary, the Complaint confusingly only states that Plaintiff is the owner of the "…Registration for the Work which contains an original work of authorship." (Court Doc.#11, para 47). The Registration certificate itself cannot *contain* anything, so it is unclear whether Plaintiff is actually claiming that Gangbangers itself is an original work of authorship as required, or whether it is making an end run around the requirements of the Copyright law to actually prove that *the Work itself is* an original work, and also importantly if there has been actual copying *of constituent elements of the work itself that are original*. That the subject matter may not be original is a serious concern,

particularly since "Gangbang" movies are apparently a type of generically named, non-original pornography that has been around long before the "Work" in question—so there is real doubt that any particular element of the Work is original. Without risking an infestation of malware on its computer by actually clicking on any particular website, the Court could take judicial notice that a simple Google search of "Gangbang movie" reveals a plethora of website entries boasting identically or similarly themed movies and websites.

The Complaint simply fails to identify the allegedly original elements of the Work that are even being allegedly copied by any specific Defendant, and certainly provides no specific explanation of copying of constituent original elements of any kind by the Moving Defendant. The Defendant has a right to know what Gangbangers believes to be the original elements of its movie that was allegedly copied. The subject complaint recites *some* elements of causes of action, but provides no supporting facts and must be dismissed as a matter of law. The law is well settled that a plaintiff must state facts sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007) (hereafter, "*Twombly*"). A claim has "facial plausibility" if the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. lqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009). Although it is not necessary at the pleading stage to plead "evidentiary detail," facts must be alleged sufficiently to apprise the defendant of the complaint against him, and a claim that is merely repetitive of the statutory language ... fails to state a cause of action. *In re Kubick*, 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994). Without any mention of what the constituent original elements of the copyright might be, it is impossible to defend against the allegations.

A two-pronged approach was established for determining the sufficiency of pleadings. First, while a court is bound to accept factual allegations, "threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements do not suffice. *Twombly*, 127 S.Ct. at 1949. Further, a court is not bound to accept a legal conclusion presented as a factual contention. *Id*. Second, a court must determine whether the allegations in the complaint "plausibly give rise to an entitlement to relief. *Id.* at 1950. The *Twombly* case clearly states that there is no sufficiency of pleadings "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

Here, the generalizing statements made by Gangbangers, that may or may not apply to Moving Defendant, along with the mere recital of elements of causes of action, do not meet the criteria required under *Twombly*, and thus, the Subject Complaint must be dismissed as a matter of law as it relates to Moving Defendant.

Based on the vagaries of the complaint, including the failure to even recite the most basic formulaic elements of a basic copyright infringement claim, the Moving Defendant is unable to determine what he allegedly infringed, how he allegedly infringed, what original elements of the Work were that were allegedly copied, or with whom or to whose infringement he allegedly contributed. Moving Defendant cannot properly determine which counts apply to him or his level of alleged involvement in order to properly respond to the Complaint. In most cases, the complaint refers to "Defendants' copying" without ever specifying which Defendant it means.

Federal Rules of Civil Procedure, Rule 8, requires that a "pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief and that "[e]ach allegation must be simple, concise, and direct." "The rules do require...that the complaint set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him...so that the defendant can prepare an adequate answer to the allegations." *In re O.P.M. Leasing Svcs, Inc.*, 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983). The Complaint is ambiguous, lacks sufficient facts and specificity, and must be dismissed for failure to state a claim, as it violates Rule 8 of the Federal Rules of Civil Procedure.

    **2. In the Alternative, Gangbangers should be Ordered to Comply with Federal Rules of Civil Procedure, Rule 12(e), and Provide a More Definite Statement of the Subject Complaint.**

The Subject Complaint is vague and ambiguous, such that Moving Defendant cannot reasonably prepare a response. Moving Defendant, therefore, seeks, in the alternative, a Court order that Gangbangers provide a more definite statement of allegations than the one contained in the Subject Complaint, pursuant to Federal Rules of Civil Procedure, Rule 12(e). A defendant may also file a motion for a more definite statement of a complaint on grounds that the complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response. Fed.R.Civ.P., Rules 12(e) and (g). As to the Moving Defendant, the complaint is impermissibly vague, and if not dismissed under the standards of *Iqbal* or *Twombly*, it certainly should be grounds for requiring the Plaintiff to replead the complaint with a more definite statement of (1) the exact *elements of the work itself that are original*; (2) the exact manner in which the Moving Defendant is alleged to have copied the original elements; and (3) with whom the Moving Defendant allegedly conspired to download the "Work." In this case, Gangbangers fail to set forth specific facts to put Moving Defendant on any notice about the actual charges against it. Rather, Gangbanger makes broad, sweeping generalizations—that may or may not be applicable to Moving Defendant.

### C. The Court Should strike the name of the Moving Defendant from the Court records or Seal and/or Redact all Court Documents Referencing the Moving Defendant Because Being Falsely Charged and Affiliated with Unlawful Downloading of Pornographic Movies is Scandalous by Nature and Detrimental to Moving Defendant

Being falsely accused of downloading bad pornography is inherently degrading to a Defendant—a fact of which Gangbanger is well apprised. Moving Defendant is a young man and such allegations, which are completely false, are detrimental to the personal, professional, and familial relationships of the Moving Defendant. The Gangbanger Plaintiff identifies its alleged work and merely accuses the Moving Defendant, by name, of general copying, without any viable proof, without any showing that he actually downloaded or viewed the Works in question, without any proof of even a computer that he allegedly used to download the Works. Yet a stigma could nonetheless attach to a Defendant simply by the degrading title and nebulous accusation of wrongdoing by Gangbanger.

Moving Defendant respectfully requests the court strike or redact Court Docs.#11, and any future document headings mentioning by name the Moving Defendant, and/or that any so documents be filed under seal by the Plaintiff if they must name the Defendant by name.  This relief is supported by Fed R.Civ.Pro. 12(f), and Fed R.Civ.Pro.26(c), which allows a protective order to be entered to protect a party from embarrassment.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or *scandalous* matter." Fed.R.Civ.P. 12(f) (emphasis added). "Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation" and an "immaterial allegation is that which has no essential or important relationship to the claim for relief or defenses being pleaded." *Jackson* v. *Bd. of Equalization,* No. CIY S-09-2 1387 (DAD), 2011 WL 3814537, at *14-15 (E.D. Cal. Aug. 26, 2011 (quoting *Fantasy, Inc.* v. *Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds in Fogerty* v. *Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ...."

### D.  Certificate of Attempted Conference

The undersigned counsel attempted to confer with opposing counsel to obtain an extension of time to answer or otherwise respond, and to discuss the matters of this motion, including a possible protective order under Fed.R.Civ.Pro 26(c), but phone calls and emails were not returned by Plaintiff's counsel that might have averted the motion practice.

### III.   CONCLUSION

Based upon the foregoing, this Court should grant the Moving Defendant's Motion to Dis-

miss, and enter an order dismissing all of Gangbanger's claims in the Complaint with prejudice as against Moving Defendant.  In the alternative, this Court should order Gangbangers to provide a more definite statement of claims against Moving Defendant than those contained in the Complaint.  The Court should further order Gangbangers to remove and re-file all pleadings that refer to the Moving Defendant by name with redacted pleadings, and that it cease to refer to the Moving Defendant by name in the future.

Dated:  March 5, 2012

Respectfully submitted,

/s/ John K. Buche

John Karl Buche
BUCHE & ASSOCIATES, P.C.