UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PATRICK COLLINS, INC., | CASE NO. 11cv2143-BEN (MDD) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION OF DEFENDANT "JANE DOE" TO QUASH THIRD PARTY SUBPOENA** |
| vs. | |
| JOHN DOES 34-51, et al., | [DOC. NO. 20] |
| Defendants. | |

Before the Court is Defendant "Jane Doe's" motion, filed on February 17, 2012, to quash a subpoena issued to an Internet Service Provider ("ISP") requiring the provider to produce to Plaintiff subscriber information allegedly pertaining to Defendant Doe. (Doc. No. 20). The subpoena was issued pursuant to this Court's Order dated October 12, 2011, authorizing Plaintiff to obtain early discovery from certain ISPs. (Doc. No. 4). Plaintiff's responded to the motion on March 2, 2012. (Doc. No. 26). For the following reasons, Defendant's motion to quash is **DENIED**.

Background

On September 15, 2011, Plaintiff filed a complaint alleging direct and contributory copyright infringement against John Doe defendants. (Doc. No. 1). The complaint alleges that the John Doe defendants participated in a peer-to-peer Internet network using Bit Torrent technology in order to download illegally and share a copyrighted

work. In requesting expedited discovery from this Court, Plaintiff alleged that it had obtained the Internet Protocol ("IP") addresses of the John Doe defendants allegedly involved in the infringing activity and, using publicly available search tools, traced the IP addresses to physical addresses within this District and identified the ISPs which leased the involved IP addresses to subscribers. *Id.*

This Court's Order required that a subpoenaed ISP notify its subscriber and provided a time limit within which challenges were to be made and brought before the Court. Defendant "Jane Doe" has moved to quash the subpoena issued to her ISP for her subscriber information on the grounds that she is improperly joined in this case.

## Analysis

The subpoena served was issued pursuant to Federal Rule of Civil Procedure 45. Rule 45(c)(3) governs motions to quash or modify a subpoena. It provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See* Fed.R.Civ.P. 45(c)(3)(A)(i-iv). The Rule also provides for the circumstances in which a court may modify or quash a subpoena. Those circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a non-party to incur substantial expense to travel more than 100 miles to attend a trial. *See* Rule 45(c)(3)(B)(i-iii).

By its terms, Rule 45(c)(3) does not provide authority for a court to modify or quash a subpoena on the grounds of misjoinder. Defendant Doe has not alleged that allowing the third party to comply with the subpoena will result in any adverse consequence delineated in Rule 45(c)(3).

This Court recognizes that several other courts have considered motions to quash based upon misjoinder in cases similar to this one. In reviewing the case law, it does not appear that any court addressed the limitations of Rule 45. Instead, perhaps for

convenience, the courts construed the motion to quash as a motion to dismiss or sever for misjoinder under Fed.R.Civ.P. 20.  *See, e.g., Liberty Media Holdings v. Does 1-62*, 2012 WL 628309 (S.D. Cal. February 24, 2012).  This Court declines to do so.  In any event, the *Liberty Media* case is instructive: District Judge Anello of this Court denied a motion to quash based upon misjoinder in a Bit Torrent case which, procedurally, appears indistinguishable from the instant case.  Nothing herein prevents Defendant Doe from re-asserting her motion when and if she is identified and served in this case.

## Conclusion

For the foregoing reasons, Defendant Jane Doe's motion to quash is **DENIED**. The ISP served with the subpoena seeking her subscriber information is **ORDERED** to comply in due course.

DATED: March 14, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge