# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC.,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>JOHN DOES 34-51, et al.,<br><br>　　　　　　Defendants. | CASE NO. 11cv2143-BEN (MDD)<br><br>**ORDER DENYING MOTION OF DEFENDANT DOE 40 TO QUASH THIRD PARTY SUBPOENA OR TO SEVER**<br><br>[DOC. NO. 21] |

Before the Court is Defendant Doe 40's motion, filed on February 17, 2012, to quash a subpoena issued to an Internet Service Provider ("ISP") requiring the provider to produce to Plaintiff subscriber information allegedly pertaining to Defendant Doe. (Doc. No. 21). Alternatively, Defendant seeks severance. The subpoena was issued pursuant to this Court's Order dated October 12, 2011, authorizing Plaintiff to obtain early discovery from certain ISPs. (Doc. No. 4). Plaintiff's responded to the motion on March 2, 2012. (Doc. No. 27). For the following reasons, Defendant's motion to quash or to sever is **DENIED**.

## Background

On September 15, 2011, Plaintiff filed a complaint alleging direct and contributory copyright infringement against John Doe defendants. (Doc. No. 1). The complaint alleges that the John Doe defendants participated in a peer-to-peer Internet network

using Bit Torrent technology in order to download illegally and share a copyrighted work. In requesting expedited discovery from this Court, Plaintiff alleged that it had obtained the Internet Protocol ("IP") addresses of the John Doe defendants allegedly involved in the infringing activity and, using publicly available search tools, traced the IP addresses to physical addresses within this District and identified the ISPs which leased the involved IP addresses to subscribers. *Id.*

This Court's Order required that a subpoenaed ISP notify its subscriber and provided a time limit within which challenges were to be made and brought before the Court. Defendant Doe 40 has moved to quash the subpoena issued to Defendant's ISP for subscriber information on the grounds that Defendant is improperly joined in this case. In the alternative, Defendant Doe 40 has moved for severance.

## Analysis

The subpoena served was issued pursuant to Federal Rule of Civil Procedure 45. Rule 45(c)(3) governs motions to quash or modify a subpoena. It provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See* Fed.R.Civ.P. 45(c)(3)(A)(i-iv). The Rule also provides for the circumstances in which a court may modify or quash a subpoena. Those circumstances are when the subpoena requires disclosure of trade secrets; disclosure certain expert opinions; or, requires a non-party to incur substantial expense to travel more than 100 miles to attend a trial. *See* Rule 45(c)(3)(B)(i-iii).

By its terms, Rule 45(c)(3) does not provide authority for a court to modify or quash a subpoena on the grounds of misjoinder. Defendant Doe 40 has not alleged that allowing the third party to comply with the subpoena will result in any adverse consequence as provided in Rule 45(c)(3). Accordingly, Defendant's motion to quash is **DENIED.**

Defendant Doe 40 also has moved, in the alternative, for severance. In *Liberty Media Holdings v. Does 1-62*, 2012 WL 628309 *4-7 (S.D. Cal. February 24, 2012), District Judge Anello of this Court denied a motion to dismiss or sever in a Bit Torrent case which, procedurally, appears indistinguishable from the instant case. Following Judge Anello's reasoning, this Court finds that at this juncture joinder is appropriate. Nothing herein prevents Defendant Doe 40 from re-asserting this motion when and if he or she is identified and served in this case.

## Conclusion

For the foregoing reasons, Defendant Doe 40's motion to quash or, in the alternative, to sever is **DENIED**. The ISP served with the subpoena seeking Defendant Doe 40's subscriber information is **ORDERED** to comply in due course.

DATED: March 14, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge