Adam M. Silverstein (197638)
CAVALLUZZI & CAVALLUZZI
9200 Sunset Boulevard, Suite 807
Los Angeles, California 90069
Telephone: (310) 246-2601
Facsimile: (310) 246-2606
Email: adam@cavalluzzi.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., a California corporation, | Case No. 3:11-cv-02143-BEN-MDD |
| Plaintiff, | **PLAINTIFF'S VERIFIED MEMORANDUM IN OPPOSITION TO SBC INTERNET SERVICES, INC.'S MOTION FOR RECONSIDERATION OF THE ORDER COMPELLING IT RESPOND TO THE SUBPOENA SERVED ON IT** |
| vs. | |
| JOHN DOES 1-51, | **AND** |
| Defendants. | **NOTICE THAT THE ISSUE IS MOOT BECAUSE SBC INTERNET SERVICES, INC. COMPLIED WITH THE SUBPOENA**[1] |

---

[1] Good cause under Fed.R.Civ.P. 16(b) exists to file this memorandum one day after the deadline for filing same because undersigned had a death in the family and was unexpectedly out of the office yesterday. While the memorandum was completed by yesterday morning undersigned had to read it in final form because undersigned attested to the facts set forth therein.

Case No. 3:11-cv-02143-BEN-MDD

I. **INTRODUCTION**

SBC Internet Services, Inc., doing business as AT&T Internet Services' (hereinafter "AT&T") motion for reconsideration of the order granting Plaintiff's motion to compel discovery is moot; indeed, it was moot at the time AT&T filed the motion. To explain, AT&T complied with the subpoena on February 29, 2012. Amazingly, thereafter on March 5, 2012, AT&T filed the subject motion for reconsideration of the order requiring it to comply with the subpoena. Given that AT&T motion for reconsideration is and was moot, undersigned cannot conceive of any reason why AT&T's counsel would file a motion for reconsideration except to lodge *ad hominen* attacks at Plaintiff or increase the litigation costs for all concerned or both.[2] Simply put, at the time AT&T filed its motion for reconsideration there was no justiciable controversy between the parties. Therefore, AT&T's motion for reconsideration should be denied. Notwithstanding the foregoing, despite innumerable attempts, Plaintiff cannot open the electronic file used by opposing counsel to deliver the subpoenaed information to Plaintiff's. Accordingly, the Court should order AT&T and its counsel to assist Plaintiff in retrieving the electronic file or preferably simply to mail the subpoenaed information to undersigned.

---

[2] AT&T's *ad hominen* attacks about Plaintiff's motivations for the subject suit are not relevant. Consequently, Plaintiff will not address that line or argument lest the Court requests that it do so.

Case No. 11-cv-02143-BEN-MDD

## II. FACTS

### A. AT&T Repetitively Promised the Subpoena Was Being Processed

The Complaint in this matter was filed on September 15, 2011. See DE 1. On September 20, 2011, Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. See DE 3. On October 12, 2011, this Court granted Plaintiff leave to serve a subpoena on AT&T. See DE 4. On October 15, 2011, Plaintiff served AT&T with a subpoena requesting that it identify those of its subscribers who are Doe Defendants in this action. The subpoena demanded that AT&T provide the identifying information for the Doe Defendants by November 28, 2011.

On December 19, 2011, Sean Rocha, a paralegal working with the undersigned attorney, emailed opposing counsel's paralegal, Charles Salmon, to follow up on the subpoena. At that time, opposing counsel, Bart Huffmann, was working for the Cox Smith law firm. Charles Salmon responded via email on December 21, 2011 that the subpoenaed information would be provided "soon". See Exhibit "A". On January 6, 2012, Mr. Rocha again followed up on the subpoena by calling Mr. Salmon who stated that the responses would be provided "next week".

### B. AT&T's Failure To Timely Respond to the Subpoena Prejudiced Plaintiff Insofar as Plaintiff Could Not Comply With Service Deadline

The original deadline to serve the Doe Defendants pursuant to Fed.R.Civ.P. 4(m) expired on January 13, 2012. On January 13, 2012, Plaintiff filed a motion to

Case No. 11-cv-02143-BEN-MDD

enlarge the deadline to serve the Doe Defendants. See DE 8. The Court granted Plaintiff until February 13, 2012 to serve the Doe Defendants. See DE 9. Still having failed to receive AT&T's response, again on February 13, 2012, Plaintiff was forced to file another motion to extend the deadline to serve the Doe Defendants. See DE 14. On February 14, 2012, the Court granted this motion and permitted Plaintiff until March 14, 2012 to serve the Doe Defendants. See DE 19. Now, while AT&T has attempted to comply with the subpoena by providing Plaintiff with instructions to open an electronic file located on opposing counsel's server, since Plaintiff cannot open said file, Plaintiff will be filing yet another motion to extend the service deadline. This delay is significant because the only defendants left in this case are those which have been named, and those whose identities Plaintiff has yet to be able to obtain from AT&T.

**C.  AT&T's Delayed Response Forced Plaintiff To File a Motion to Compel**

On January 13, 2012, having failed to receive AT&T's response as promised during the week of January 9, 2012, Plaintiff was forced to file a motion to compel. See DE 7. The purpose of Plaintiff's motion was to justify yet another enlargement of the service deadline until AT&T could comply -- as AT&T had always promised to do. On February 22, 2012 this Court granted Plaintiff's motion to compel. See DE 24. Significantly, Plaintiff did not seek any relief other than an order compelling AT&T to comply with the subpoena. Further, Plaintiff did not think the motion

would be contested because AT&T had repetitively stated that it intended to produce the subpoenaed information.

### D. After Further Assurances The Subpoena Was Being Processed, AT&T Finally Advised Plaintiff That It Did Not Process the Subpoena

On January 24, 2012, Mr. Rocha called Mr. Salmon and inquired about the status of the subpoena. Mr. Salmon advised that Cox Smith was no longer working on this matter because Mr. Huffman had changed firms and was now working for Lord Locke. That same day, on January 24, 2012, Mr. Huffman called Mr. Rocha and advised him that the subpoena was being processed. On January 27, 2012, Mr. Rocha called Mr. Huffman's paralegal at Lord Locke, Camile Kerr, who advised that the subpoenaed information would be provided by January 30, 2012. On January 30, 2012, Mr. Huffman sent a letter to undersigned advising that the subpoena was not being processed as his offices had repetitively assured undersigned and Mr. Rocha:

> We recently have determined that, due to an internal error, this subpoena has not actually been processed. AT&T subpoena response personnel have now prioritized this subpoena, and we expect a thirty day turnaround. Again, we apologize for this delay . . . .

See Exhibit B.

### E. 137 Days After Receiving the Subpoena, AT&T Finally Provided the Subpoenaed Information Via An Electronic Portal; Unfortunately, Plaintiff Cannot Access the Information

On February 29, 2012, opposing counsel sent undersigned a letter stating the information responsive to the subpoena could be accessed by using an electronic

portal. Unfortunately, despite innumerable attempts, and the assistance of an information technology professional, undersigned has not been able to access the responsive information.

### F. Five Days After Complying With the Subpoena, AT&T Filed the Subject Motion for Reconsideration

With all due respect to opposing counsel, in what can only be described as bizarre, AT&T filed a motion for reconsideration of the order compelling it to comply with the subpoena five days after it attempted to produce the information to Plaintiff. In early March, 2012, after receiving the letter and instructions on how to retrieve the information from Mr. Huffman, Mr. Rocha contacted Ms. Kerr, a paralegal working with opposing counsel, and requested assistance in retrieving the information. The product of that conversation was an agreement by Mr. Rocha to initially attempt to retrieve the information without further assistance from opposing counsel. Unfortunately, after several more attempts, undersigned and undersigned's paralegal cannot retrieve the subpoenaed information. Accordingly, Plaintiff simply needs assistance in this regard.

### III. APPLICABLE LAW – INCORPORATED POINTS AND AUTHORITIES

It is black letter law that a motion to compel discovery (as well as a motion to reconsider it) is moot and should be denied when there is no justifiable controversy between the parties. "The parties confirmed that the motion to compel was resolved. Accordingly, Plaintiff's motion to compel Defendant Henry Nunez to comply with

Case No. 11-cv-02143-BEN-MDD

discovery order is denied as moot. Fair Housing Council of Cent. California, Inc. v. Nunez, 2012 WL 217479, *1 (E.D. Ca. 2012). "Because Defendant has agreed to produce the requested discovery, the Court denies as moot Plaintiff's motion to compel responses. . . . Defendant is ordered to produce the agreed upon information."

## IV. **CONCLUSION**

Here, AT&T has agreed to provide the requested information and indeed has done so albeit in a format Plaintiff cannot access. Consequently, there is no justiciable controversy between the parties with respect to the order compelling AT&T to comply with the subpoena. Instead, there is simply an ministerial process of delivering the information through a channel accessible to Plaintiff. Toward that end, AT&T should be ordered to assist Plaintiff to access the information electronically or to provide Plaintiff with the subpoenaed information via a hard copy that it should mail to undersigned.

# VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This 13th day of March, 2012.

| ADAM SILVERSTEIN, ESQ. | SEAN ROCHA |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Printed: Adam Silverski | Printed: SEAN ROCHA |
| Title: Attorney | Title: paralegal for Adam Silverstein |

Respectfully submitted,

By: /s/ Adam M. Silverstein
Adam M. Silverstein (197638)
CAVALLUZZI & CAVALLUZZI
9200 Sunset Boulevard, Suite 807
Los Angeles, California 90069
Telephone: (310) 246-2601
Facsimile: (310) 246-2606
Email: adam@cavalluzzi.com
*Attorneys for Plaintiff*

**From:** Salmon, Charles [mailto:cmsalmon@coxsmith.com]
**Sent:** Wednesday, December 21, 2011 7:32 AM
**To:** sean@cavalluzzi.com
**Cc:** Huffman, Bart
**Subject:** Subpoenas to AT&T in connection with Cause No. 11-cv-01180, pending in the Central District of California; and Cause No. 11-cv-02143, pending in the Southern District of California

Mr. Rocha,

Both of the above-referenced subpoenas have been sent for processing. The subpoena issued to AT&T in connection with 11-cv-01180 should be ready very soon, and the subpoena issued to AT&T in connection with 11-cv-02143 should be ready soon thereafter.

**Charles Salmon**

csalmon@coxsmith.com
210 554 5297 direct

**COX SMITH**
112 E. Pecan Street | Suite 1800
San Antonio, Texas 78205
210 554 5500 tel
210 226 8395 fax
210 837 9084 mobile

IAPP Certified Information Privacy Professional;
Registered Patent Attorney

coxsmith.com                              Vcard | Bio

The information in this email may be confidential and/or privileged. This email may be reviewed only by the intended recipient named above. Any review, use or disclosure of the information contained in this email, or any attachments by anyone other than the intended recipient, is prohibited. If you have received this email in error, please immediately notify the sender and permanently delete this email

1

EXH "A"



**Locke Lord** LLP
Attorneys & Counselors

100 Congress Avenue, Suite 300
Austin, Texas 78701-2748
Telephone: 512-305-4700
Fax: 512-305-4800
www.lockelord.com

Bart W. Huffman
Direct Telephone: 512-305-4746
Fax: 512-305-4800
bhuffman@lockelord.com

January 30, 2012

<u>VIA EMAIL: sean@cavalluzzi.com</u>
Sean Rocha
Cavalluzzi & Cavalluzzi
9200 Sunset Blvd. #807
Los Angeles, California 90069

Re: Subpoena issued to AT&T Internet Services in Case No. 3:11-cv-02143-BEN-MDD in the United States District Court for the Central District of California (San Diego)

Dear Sean:

Please accept our apology for the delay with respect to AT&T's identification and notification of its subscribers associated with the IP addresses at the dates and times listed in the above-referenced subpoena.

We recently have determined that, due to an internal error, this subpoena has not actually been processed. AT&T subpoena response personnel have now prioritized this subpoena, and we expect a thirty day turnaround. Again, we apologize for this delay, and we will forward the available information to you promptly after the appropriate subscriber notification period has expired (absent, of course, any motion to quash from a subscriber).

Sincerely,

Bart W. Huffman

ic: Camille Kerr

EXH "B"

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2012, a true and correct copy of the foregoing was served via Facsimile and US Mail to the parties listed in the attached service list.

By: /s/ *Adam M. Silverstein*

## SERVICE LIST

Bart Huffman, Esq.
Email Address: bhuffman@lockelord.com
Locke Lord
100 Congress Avenue
Suite 300
Austin, TX 78701-2748
Telephone: (512) 305-4746
Facsimile: (512) 305-4800
*Counsel for AT&T Internet Services*

Case No. 11-cv-02143-BEN-MDD