# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOES 34-51, et al., <br><br> Defendants. | CASE NO. 11cv2143-BEN (MDD) <br><br> **ORDER SETTING HEARING ON MOTION FOR RECONSIDERATION OF ORDER COMPELLING PRODUCTION BY SBC INTERNET SERVICES, INC. d/b/a AT&T INTERNET SERVICES** <br><br> [ref. DOC. NO. 28] |

Before the Court is a motion by SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") requesting that the Court reconsider its Order compelling AT&T to comply with a subpoena generated to AT&T by Plaintiff. Plaintiff has responded. (Doc. No. 33). The Court finds that it cannot resolve the motion without a hearing. Accordingly, attorney Adam M. Silverstein and either attorney Brandon J. Witkow or Bart W. Huffman, or both, are ORDERED to appear before this Court on Thursday, March 22, 2012, at 2:00 pm.

## Background

On September 15, 2011, Plaintiff filed a complaint alleging direct and contributory copyright infringement against John Doe defendants. (Doc. No. 1). The complaint

alleges that the John Doe defendants participated in a peer-to-peer Internet network using Bit Torrent technology in order to download illegally and share a copyrighted work. In requesting expedited discovery from this Court, Plaintiff alleged that it had obtained the Internet Protocol ("IP") addresses of the John Doe defendants allegedly involved in the infringing activity and, using publicly available search tools, traced the IP addresses to physical addresses within this District and identified the ISPs which leased the involved IP addresses to subscribers. *Id.*

This Court granted the motion and issued an Order on October 12, 2011, which required that a subpoenaed ISP notify its subscriber and provided a time limit within which challenges were to be made and brought before the Court. (Doc. No. 4).

On January 13, 2012, Plaintiff moved the Court to compel AT&T to comply with a subpoena for subscriber information which was issued pursuant to this Court's Order. (Doc. No. 7). In the motion, Plaintiff asserted that it served AT&T with a subpoena with a compliance date of November 28, 2011, and that as of the date of the motion, AT&T failed to respond or object. Based upon these representations, the Court granted the motion on February 22, 2012. (Doc. No. 24). The Order required Plaintiff to serve the subpoena, the Court's Order of October 12, 2011, and the Order compelling compliance upon AT&T.

On March 5, 2012, AT&T filed the instant motion to reconsider the Order of February 22, 2012, compelling compliance. AT&T asserted that it had objected to the subpoena and presented exhibits in support. Consequently, AT&T claims that Plaintiff failed to provide notice of the motion pursuant to Fed.R.Civ.P. 45(c)(2)(B)(i) which requires that the issuing party, after receiving written objections to the subpoena, may bring a motion to compel upon notice to the commanded party. In addition, AT&T states that the subpoena was issued from the Northern District of Texas and, pursuant to Rule 45(c)(2)(B)(i), Plaintiff was required to bring the motion to compel before that court.

Plaintiff responded on March 14, 2012, that the motion to reconsider is moot because AT&T produced the information required by the subpoena on February 29, 2012, five days before filing its motion for reconsideration. But, says Plaintiff, it cannot open the file containing the responsive information and seeks relief.

## Analysis

It appears to the Court that we may have a improper motion to compel followed by a moot motion to reconsider and an objection to information produced pursuant to a compulsion order obtained without required notice and from the wrong court.

The Court cannot rule on this matter based upon the record before it.

## Conclusion

Counsel for Plaintiff, Adam M. Silverstein, and counsel for AT&T, either Brandon J. Witkow or Bart W. Huffman, or both, are ORDERED to appear before this Court on Thursday, March 22, 2012, at 2:00 pm to discuss their use of the resources of this Court and to provide suggestions for the Court to resolve this dispute.

DATED: March 15, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge