**ORIGINAL**

FILED

12 MAR 16 AM 10:02

CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CA...

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK COLLINS, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOES, 34-51, et al.<br><br>    Defendants. | CASE NO. 11-cv-2143 – BEN (MDD)<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION TO EXTEND TIME PERIOD FOR SERVICE OF SUMMONS AND COMPLAINT ON DOE DEFENDANTS, [Doc. No. 34].** |

Presently before the Court is Plaintiff's third motion to extend time for service of summons and complaint on Doe Defendants. Plaintiff alleges that Doe Defendants in this case are known only by their IP addresses, and therefore that their true identities are known only by their respective internet service providers ("ISPs"). Plaintiff alleges that although he has served all of the Doe Defendants' ISPs with a third party subpoena, he has yet to receive the identities of some Doe Defendants. The Court previously granted Plaintiff an extension until February 13, 2012 to effectuate service upon each Doe Defendant, and then another extension until March 14, 2012. Importantly, in granting the second extension, the Court cautioned that further requests for extension were discouraged.

Having reviewed Plaintiff's current application, the Court is not satisfied that good cause exists for another extension. At a minimum, "good cause" means excusable neglect. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Thus, before granting an extension, the Court may require a party to demonstrate the following factors in order to bring the excuse to the level of good cause: "'(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id.* (citation omitted). In this

case, Plaintiff has failed to show that he would be "severely prejudiced" if his complaint is dismissed. *See id.* Neither is the Court satisfied that a grant of an extension will not result in prejudice to the unserved Doe Defendants. To the contrary, judging from the other filings in this case, it appears that those Doe Defendants may indeed suffer prejudice if Plaintiff is granted yet another extension of time within which to serve them. Finally, the Court notes that, as was the case with the prior two requests for extension, Plaintiff has filed his request on the last possible day for him to effectuate service. Such conduct demonstrates lack of due diligence on Plaintiff's behalf, and weighs against the finding of "excusable neglect" or "good cause" in this case. Accordingly, Plaintiff's third motion to extend time for service of summons and complaint on Doe Defendants is hereby **DENIED**.

**IT IS SO ORDERED.**

Date: March 5, 2012

Honorable Roger T. Benitez
United States District Judge