# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

PATRICK COLLINS, INC.,

Plaintiff,

vs.

JOHN DOES 34-51, et al.,

Defendants.

CASE NO. 11cv2143-BEN (MDD)

**ORDER GRANTING MOTION FOR RECONSIDERATION OF ORDER COMPELLING PRODUCTION BY SBC INTERNET SERVICES, INC. d/b/a AT&T INTERNET SERVICES AND VACATING ORDER COMPELLING PRODUCTION**

[ref. DOC. NOS. 24,28]

Before the Court is a motion by third-party SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T"), filed on March 5, 2012, requesting that the Court reconsider its Order compelling AT&T to comply with a subpoena generated to AT&T by Plaintiff. (Doc. No. 28). Plaintiff responded on March 14, 2012. (Doc. No. 33). The Court held a hearing on the motion on March 22, 2012. As provided below, AT&T's motion is **GRANTED.** The Court's Order compelling discovery from SBC Internet Services, dated February 22, 2012, is **VACATED**. (Doc. No. 24).

As detailed below, the Court **ORDERS** that the parties return to the *status quo* prior to the issuance of the subject subpoena. In summary, Plaintiff may not make any use of the information received from AT&T pursuant to the subject subpoena. Plaintiff

must destroy any copies of such information that it may have. To the extent that Plaintiff has issued demand letters to persons identified by AT&T in response to the subject subpoena, those letters must be withdrawn. Plaintiff further is **ORDERED** to file a notice of compliance with this Order with the Court no later than April 6, 2012.

Background

On September 15, 2011, Plaintiff filed a complaint alleging direct and contributory copyright infringement against John Doe defendants. (Doc. No. 1). The complaint alleges that the John Doe defendants participated in a peer-to-peer Internet network using Bit Torrent technology in order to download illegally and share a copyrighted work.

On October 12, 2011, the Court granted a motion by Plaintiff to authorize expedited discovery. The Order provided that Plaintiff could subpoena identified Internet Service Providers and obtain identifying information of subscribers certain Internet Protocol addresses alleged to have been involved in illegally sharing a particular copyrighted work and who appeared, through public searches, to be located within this District. The Order required a subpoenaed service provider to notify its subscriber and provided a time limit within which challenges were to be made and brought before the Court. (Doc. No. 4).

On January 13, 2012, Plaintiff moved the Court to compel AT&T to comply with a subpoena for subscriber information which was issued pursuant to this Court's Order. (Doc. No. 7). In the motion, Plaintiff asserted that it served AT&T with a subpoena with a compliance date of November 28, 2011, and that as of the date of the motion, AT&T failed to respond or object. Based upon these representations, the Court granted the motion on February 22, 2012. (Doc. No. 24). The Order required Plaintiff to serve the subpoena, the Court's Order of October 12, 2011, and the Order compelling compliance upon AT&T.

On March 5, 2012, AT&T filed the instant motion to reconsider the Order of February 22, 2012, compelling compliance. AT&T asserted that it had objected to the subpoena and presented exhibits in support. AT&T claimed that Plaintiff failed to provide notice of the motion pursuant to Fed.R.Civ.P. 45(c)(2)(B)(i) which requires that the issuing party, after receiving written objections to the subpoena, may bring a motion to compel only upon notice to the commanded party. In addition, AT&T states that the subpoena was issued from the Northern District of Texas and, pursuant to Rule 45(c)(2)(B)(i), Plaintiff was required to bring the motion to compel before that court.

Plaintiff responded on March 14, 2012, that the motion to reconsider is moot because AT&T produced the information required by the subpoena on February 29, 2012, five days before filing its motion for reconsideration.

At the hearing on March 22, 2012, counsel for Plaintiff admitted that the subpoena was obtained from the Northern District of Texas and purported to require production in the Central District of California. Counsel further admitted that he had received AT&T's written objections and did not provide notice of the motion to compel to AT&T as required by law. Counsel also admitted bringing the motion to compel in the wrong court.

Counsel for AT&T admitted that it produced responsive information prior to filing its motion for reconsideration but filed the motion in order to have the compulsion order vacated because it was obtained without notice.

Analysis

Federal Rule of Civil Procedure 45 governs obtaining discovery from third parties in federal civil cases. Rule 45(a)(2)(C) provides that a subpoena for production of documents must be issued from the court where production is to be made. The subpoena issued by Plaintiff required production in the Central District of California. Accordingly, if AT&T was amenable to service in that District, the subpoena should have been issued from that court. Plaintiff issued the subpoena in the Northern District of Texas,

presumably because AT&T is amenable to service in that District. Having done so, Plaintiff was required to accept production within that District. *See* Fed.R.Civ.P. 45(b)(2)(A),(B).

AT&T objected to the subpoena in writing as required by Rule 45(c)(2)(B)(i). Consequently, Plaintiff was required to provide notice to AT&T prior to bringing a motion to compel. *Id.* And, Plaintiff was required to bring the motion to compel in the court from which the subpoena was issued. *Id.*

The Court finds that Plaintiff violated virtually every applicable provision of Rule 45 in connection with the subpoena issued to AT&T. The Court finds that the subpoena was unenforceable and that the motion to compel compliance with the subpoena was filed without notice and in the wrong court.

Plaintiff claims, however, that the matter is moot because AT&T complied with the subpoena. AT&T did not advise the Court, in its motion to reconsider, that it had complied with the subpoena. Such advice would have been helpful. But, as troubling as it is, the Court finds that the matter is not moot. Discovery was obtained in violation of law with the Court's unknowing assistance. The Court has the authority to provide a remedy. *See* *Sony v. Does,* 326 F.Supp.2d 556, 561 (S.D.N.Y. 2004). This is particularly true in this case because personal identification information of subscribers was obtained improperly. Their interests also are at issue.

The Court finds that the appropriate remedy is to put Plaintiff, AT&T and any affected AT&T subscribers back into the position they were in prior to the improper subpoena being issued.

<u>Conclusion</u>

In order to place Plaintiff, AT&T and any affected AT&T subscribers back into the position they were in prior to the invalid subpoena being issued, the Court **ORDERS:**

**1. AT&T's Motion for Reconsideration is GRANTED;**

**2. This Court's Order granting Plaintiff's Motion to Compel Discovery from AT&T is VACATED (Doc. No. 24);**

**3. Plaintiff and all of its counsel are not to make any use whatsoever of the subscriber information provided by AT&T pursuant to the instant subpoena;**

**4. Plaintiff and all of its counsel are to locate and destroy all physical and electronic copies of the subscriber information provided by AT&T pursuant to the instant subpoena;**

**5. To the extent that Plaintiff and its counsel have used the subscriber information obtained from AT&T pursuant to the instant subpoena, for example, to send demand letters to identified subscribers, those letters are to be withdrawn;**

**6. To the extent that Plaintiff and its counsel have used the subscriber information obtained from AT&T pursuant to the instant subpoena to serve individuals with the complaint in this case, Plaintiff must seek leave from the District Court voluntarily to dismiss the complaint as to those individuals;**

**7. To the extent that Plaintiff has taken actions with regard to persons identified by AT&T's production to the instant subpoena which actions cannot reasonably be undone, Plaintiff is required to identify those actions in a notice of compliance to be filed with the Court as provided below; and,**

**8. Plaintiff is required to file with the Court a notice of compliance with the terms of this Order no later than April 6, 2012.**

//

//

**Nothing herein prevents Plaintiff from attempting to re-acquire the subscriber information it desires provided that it does so in accordance with law.**

**IT IS SO ORDERED:**

DATED: March 23, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge